NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4369
_____

LESLIE MOLLETT,
                              Appellant

v.

LEICTH, Captain; RUSTIN, Warden;
EMRICK, Deputy; BOHN, Deputy;
DONIS, Mrj.; FLOOD, Capt.

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:09-cv-01192)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2012

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: January 25, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

       Leslie Mollett is a prisoner of the Commonwealth of Pennsylvania.  In August

2009, he filed a pro se civil rights complaint, alleging numerous violations of his

constitutional rights that occurred during a period as a pretrial detainee (spanning August through December 2007) in the Allegheny County Jail.[1] The original complaint alleged that Mollett was placed in "unlawful pre-trial detention" as punishment and without receiving a hearing, in violation of the Due Process Clause; it also alleged that his jailers were interfering with his access to the court in his pending criminal case.

In March 2010, before service had been effected, Mollett requested leave to amend his complaint. Denying the formal request as unnecessary, the District Court informed Mollett that he was free to amend his complaint, and emphasized that an amendment must "be filed as a single complete document; it may not simply incorporate or refer to portions of the original Complaint." In late March, Mollett filed an amended complaint, expanding upon the constitutional allegations contained in the original filing (such as by adding detail about his interactions with staff and claiming that he had also been denied necessary medical treatment); but while the original complaint requested declaratory relief and monetary damages, the amended complaint sought *only* declaratory and injunctive relief, dropping the request for damages.

The defendants moved to dismiss, arguing that Mollett's complaint was defective on a number of grounds; significantly, they identified a possible mootness problem in the

---

[1] Mollett was convicted and received a life sentence. See CP-02-CR-0000254-2006; see generally Commonwealth v. Mollett, 5 A.3d 291 (Pa. Super. Ct. 2010), appeal denied, 14 A.3d 826 (2011). His conviction, sentence, and transfer out of pre-trial custody in the Jail occurred long before he commenced this federal litigation; he is currently imprisoned at SCI Frackville.

relief sought "because plaintiff is no longer incarcerated at the Allegheny County Jail as a pre-trial detainee." In response, Mollett asked the District Court to grant him further leave to amend to correct the deficiencies in his amended complaint; specifically, he requested the Court's permission to "withdraw the prayer for injunctive relief as moot," but insisted that he remained "entitled to declaratory relief." Pl's. Br. in Supp. 13, ECF No. 39.

The District Court entered its opinion in November 2011. The Court[2] reached the substance of Mollett's various claims, but also determined that the relief he requested was not available; Mollett was no longer in pre-trial custody and thus was entitled to neither injunctive nor declaratory relief. The Court said nothing about amendment in its opinion. Mollett timely appealed.[3]

"Under Article III, section 2 of the U.S. Constitution, federal judicial power extends only to cases or controversies. If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." United States v. Virgin Islands, 363 F.3d 276, 284–85 (3d Cir. 2004) (footnote omitted). "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." United States v. Juvenile Male, ___ U.S. ___, 131 S. Ct. 2860, 2864 (2011) (per curiam) (citations,

---

[2] The parties consented to the jurisdiction of a Magistrate Judge.

[3] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

3

quotations omitted). In <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83 (1998), the United States Supreme Court disapproved of the practice of assuming "hypothetical jurisdiction" to reach the merits of cases where Article III jurisdiction is either clearly lacking or questionable; "[u]nder the rule of <u>Steel Co.</u>, when a court lacks jurisdiction its 'only function . . . is that of announcing the fact and dismissing the cause' as any further discussion would amount to an 'advisory opinion.'" <u>Treasurer of N.J. v. U.S. Dep't of the Treasury</u>, 684 F.3d 382, 394 n.14 (3d Cir. 2012) (quoting <u>Steel Co.</u>, 523 U.S. at 93–94). Thus, determining constitutional "subject-matter jurisdiction necessarily precedes a ruling on the merits." <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 584 (1999); <u>see also</u> <u>Unalachtigo Band of the Nanticoke Lenni Lenape Nation v. Corzine</u>, 606 F.3d 126, 130 (3d Cir. 2010) (observing that an advisory opinion issued in the absence of jurisdiction "ignore[d] the dictates of Article III"); <u>Burkey v. Marberry</u>, 556 F.3d 142, 149 (3d Cir. 2009).

In this case, Mollett's amended complaint, which superseded the original, <u>see</u> <u>ConnectU LLC v. Zuckerberg</u>, 522 F.3d 82, 91 (1st Cir. 2008), was jurisdictionally defective at the moment it was filed, and "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction," <u>Rockwell Int'l Corp. v. United States</u>, 549 U.S. 457, 473–74 (2007). The request for injunctive relief attacked conduct associated specifically with the Allegheny County Jail, but Mollett had long since been convicted, sentenced, and transferred. From that moment forward, the District Court was plainly unable to fashion

meaningful injunctive relief.  See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993).  Mollett's request for declaratory relief fared similarly, because "in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant."  Jordan v. Sosa, 654 F.3d 1012, 1025 (10th Cir. 2011).  Mollett's transfer rendered the case moot; and because it was unable to grant the relief sought, the District Court lacked jurisdiction over the merits of the case.  Id. at 1024–25.

On appeal, Mollett does not challenge the District Court's ruling regarding mootness or its failure to allow amendment except as to his desire to amend his complaint as to a Fourth and Fifth Amendment claim.  Given this, we see no reason to disturb the District Court's conclusion that his request for a declaratory judgment and injunction are no longer cognizable, and we will therefore affirm.